UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA HUTCHISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAVALRY SPV I LLC, and CAVALRY PORTFOLIO SERVICES LLC,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Joshua Hutchison ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Cavalry SPV I LLC and Cavalry Portfolio Services LLC ("Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This action seeks damages, attorneys' fees, and costs against Defendants for their violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Extension Uniformity Act ("FCEUA"), Chapter 63 of the Consumer Credit Code ("CCC"), and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction of Plaintiff's federal law claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3. The Court has subject matter jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1332 because there are 100 or more class members, at least one class member is a citizen

of a state different from Defendants, and the matter in controversy exceeds $5 million, exclusive of interest and costs.

4. The Court also has subject matter jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to the federal claims that they form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendants because Plaintiff's claims arose in this district and Defendants do substantial business in this district.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions at issue occurred in this district.

## PARTIES

7. Plaintiff Joshua Hutchison is and was a resident of Allegheny County, Pennsylvania at all times relevant to this action.

8. Defendant Cavalry SPV I LLC ("CSPV") is a Delaware limited liability corporation with its principal place of business located in Valhalla, New York.

9. CSPV's sole business is the purchasing of defaulted consumer debt with the purpose of collecting on that debt for profit.

10. Defendant Cavalry Portfolio Services LLC ("CPS") is a Delaware limited liability corporation with its principal place of business located in Valhalla, New York.

11. CPS's sole business is collecting debts that are purchased and owned by CSPV, including calling consumers and sending them letters, and filing lawsuits against consumers on behalf of CSPV and under its name.

12. Defendants use instrumentalities of interstate commerce, such as telephone, mail, and the internet, to collect debt from consumers.

## CHAPTER 63 OF THE CONSUMER CREDIT CODE

13. The terms and conditions of "all extension of credit … for the purchase of goods and services within [Pennsylvania]" are governed by the CCC. 12 Pa. Stat. § 6304(e).

14. The CCC applies to "closed-end credit agreements" and "open-end credit agreements" for the purchase of goods and services. 12 Pa. Stat. § 6302.

15. The types of entities governed by the CCC include "Sellers," "Financing Agencies," and "Holders." *Id.*

16. CCC entities have various obligations and responsibilities with regard to closed-end and open-end credit transactions.

17. Among them is the obligation to send a right to cure notice before initiating legal process. 12 Pa. Stat. § 6309(b)(2).

18. RCNs must be sent by certified mail and disclose specific consumer rights, including the right to cure default within twenty-one days. 12 Pa. Stat. § 6309(c).

19. If a CCC entity does not send a right to cure notice, it does not have the right or authority to file suit on a consumer credit account. 12 Pa. Stat. § 6309(b)(2).

## FACTUAL ALLEGATIONS

20. On November 6, 2018, Defendants sued Plaintiff in an Allegheny County Magisterial District Court (the "Action") on a credit card account previously issued to Plaintiff (the "Account").

21. The Account was issued by Capital One Bank.

22. The Account was used to buy goods and obtain services from various retailers, sellers, and businesses, for personal, household, or family use.

23. Any purchases or sales made on the Account were to be paid in installments to Capital One Bank.

24. A finance charge expressed as a percent of the periodic balance accrued on the Account's balances.

25. In the Action, Defendants claimed CSPV purchased the Account from Capital One Bank.

26. Plaintiff hired counsel to defend the Action, and ultimately obtained a dismissal with prejudice against Defendants in the Allegheny County Court of Common Pleas.

27. Plaintiff should not have had to defend the Action or pay an attorney to do so because Defendants did not have authority to file suit against Plaintiff.

28. Prior to filing suit, Defendants did not send by certified mail to Plaintiff's last known address, or personally deliver to Plaintiff's residence, a notice that informed Plaintiff of the: i) right to cure the default on the Account within 21 days of the date of receipt of the notice; ii) the name, address and telephone number of the seller or holder of the Account; iii) the total amount due on the Account; iv) the exact date by which the amount due on the Account must be paid; v) the name, address and telephone number of the person to whom payment must be made; and vi) any other performance necessary to cure default on the Account.

29. Defendants were required to send such notice because the Account was an "open-end credit agreement" under the CCC and CSPV was a "holder" of the Account under the CCC. *See* 12 Pa. Stat. §§ 6302, 6309(b)(2).

30. As a result of Defendants' actions, Plaintiff hired counsel on the belief that Defendants had the authority to initiate suit.

31. Plaintiff should not have been forced to defend the Action because Defendants had no authority to sue Plaintiff.

32. Defendants' lawsuit, among other things, misrepresented Defendants' ability to sue Plaintiff and collect on the Account through legal process, and unfairly subjected Plaintiff to the legal system.

33. As a result of Defendants' actions, Plaintiff suffered injury and actual damages, including, among other things, monetary harm.

## CLASS ALLEGATIONS

34. Plaintiff brings this action individually and on behalf of all others similarly situated under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

35. Plaintiff seeks to certify the following classes:

**The FDCPA Class:**

All individuals who were sued by Defendants within Pennsylvania and who were served with the lawsuit within the statute of limitations.

**The State Law Class:**

All individuals who were sued by Defendants within Pennsylvania and who lost money defending the lawsuit within the statute of limitations.

36. Plaintiff reserves the right to expand, narrow, redefine, split, or otherwise modify the classes as the litigation continues and discovery proceeds.

37. <u>Numerosity</u>: The classes are so numerous that joinder is impracticable. On information and belief, both classes number in the hundreds.

38. <u>Ascertainability</u>: The classes are ascertainable because Defendants, the courts, and the relevant creditors keep and collect relevant information on each class member.

39. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the classes because the claims of Plaintiff and the class members are based on the same legal theories and arise from the same conduct.

40. <u>Commonality and Predominance</u>: Plaintiff and the members of the classes share numerous common questions of law and fact that will drive the resolution of this litigation and that predominate over any individual issues. Most importantly, Defendants either were required to send CCC notices to Plaintiff and each class member before initiating suit or not. Additionally, Defendants' policy or practice of suing consumers before sending CCC notices either is unlawful to each class member or to none of them. These common questions of law and fact, and others like them, will drive the resolution of this litigation and predominate over any individual issues.

41. <u>Adequacy</u>: Plaintiff is an adequate representative of the classes because Plaintiff's interests do not conflict with the interests of the class members. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the classes, and Plaintiff has no interests antagonistic to the class members. Plaintiff also has retained counsel who are competent and experienced in the prosecution of class action litigation generally, and debtor's rights litigation specifically.

42. <u>Superiority</u>: The injury sustained by each class member is not of such magnitude that it is economically feasible to prosecute individual actions against Defendants. Requiring many injured plaintiffs to file individual actions would impose a crushing burden on the court system and almost certainly lead to inconsistent judgments. By contrast, class treatment presents far fewer management difficulties and provides benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692, *et seq.*

43. Plaintiff repeats and re-alleges all prior allegations as if set forth at length herein.

44. Plaintiff brings this claim individually and on behalf of the FDCPA Class.

45. Plaintiff is a consumer under the FDCPA, the Account is a debt under the FDCPA, and Defendants are debt collectors under the FDCPA. 15 U.S.C. §§ 1692a(3), (5), (6).

46. Defendants' actions and practices described herein constitute as: false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e; and unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

47. As a result of Defendants' failure to comply with the provisions of the FDCPA, and the resulting injury and harm Defendants' failure caused, Plaintiff is entitled to actual damages, statutory damages and attorneys' fees and costs under 15 U.S.C. § 1692k.

## COUNT II
### Violation of the Fair Credit Extension Uniformity Act
### 73 Pa. Stat. § 2270, *et seq.*

48. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

49. Plaintiff brings this claim individually and on behalf of the State Law Class.

50. Plaintiff is a consumer under the FCEUA, the Account is a debt under the FCEUA, and Defendants are debt collectors or creditors under the FCEUA. 73 Pa. Stat. § 2270.3.

51. In the event Defendants are debt collectors, their actions and practices described herein constitute as unfair and deceptive debt collection acts or practices under the FCEUA because they violate 15 U.S.C. §§ 1692e and 1692f, as explained above. 73 Pa. Stat. § 2270.4(a).

52. In the event Defendants are creditors, their actions and practices described herein constitute as unfair or deceptive debt collection acts or practices under the FCEUA because they constitute as: false, deceptive or misleading representations or means in connection the collection of a debt; and unfair or unconscionable means to collect or attempt to collect a debt. 73 Pa. Stat. § 2270.4(b).

53. Defendants' engagement in unfair or deceptive debt collection acts or practices under the FCEUA constitute as violations of the UTPCPL. 73. Pa. Stat. § 2270.5(a).

54. Plaintiff lost money or property as a result of Defendants' violations and therefore is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 Pa. Stat. § 201-9.2.

## COUNT III
### Violation of Chapter 63 of the Consumer Credit Code
### 12 Pa. Stat. §§ 6301, *et seq.*

55. Plaintiff repeats and re-alleges all prior allegations as if set forth at length herein.

56. Plaintiff brings this claim individually and on behalf of the State Law Class.

57. Plaintiff is a buyer, Defendants are holders, and the Account is an open-end credit agreement under the CCC. 12 Pa. Stat. § 6302.

58. Defendants violated the CCC by initiating suit without sending a CCC notice, as required by 12 Pa. Stat. § 6309.

59. Defendants' violations of the CCC described herein also constitute as violations of the UTPCPL. 12 Pa. Stat. § 6355.

60. Plaintiff lost money or property as a result of Defendants' violations and therefore is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 Pa. Stat. § 201-9.2.

## COUNT IV
### Violation of the Unfair Trade Practices and Consumer Protection Law
### 73 Pa. Stat. §§ 201-1, *et seq.*

61.  Plaintiff repeats and re-alleges all prior allegations as if set forth at length herein.

62.  Plaintiff brings this claim individually and on behalf of the State Law Class.

63.  Defendants and Plaintiff are persons under the UTPCPL, the Account arose from the purchase or lease of goods or services primarily for personal, family or household purposes under the UTPCPL, and Defendants' actions and practices described herein were conduct as part of trade or commerce under the UTPCPL. 73 Pa. Stat. §§ 201-2(2)-(3), 201-9.2.

64.  Defendants' actions and practices described herein constitute as unfair methods of competition and unfair or deceptive acts or practices under the UTPCPL because Defendants are engaging in fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding. 73 Pa. Stat. § 201-2(4)(xxi).

65.  Defendants' use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce is in violation of 73 Pa. Stat. § 201-3.

66.  Plaintiff lost money or property as a result of Defendants' violations and therefore is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 Pa. Stat. § 201-9.2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.  An order certifying the proposed classes, appointing Plaintiff as representative of the proposed classes, and appointing undersigned counsel as counsel for the proposed classes.

b.  An order awarding actual, statutory, treble and all other damages available by law, along with pre-and post-judgment interest;

c.  An order awarding attorneys' fees and costs;

d.  An order declaring Defendants' conduct unlawful;

e.  An order awarding all other relief that is just, equitable and appropriate.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims so triable.

                        Respectfully Submitted,

Dated: August 14, 2019      By:  */s/ Kevin Abramowicz*
                                  Kevin Abramowicz
                                  BCJ Law LLC
                                  186 42nd Street
                                  PO Box 40127
                                  Pittsburgh, PA 15201
                                  (412) 223-5740
                                  kevina@bcjlawyer.com

                                  Gary Lynch
                                  Edwin Kilpela
                                  CARLSON LYNCH LLP
                                  1133 Penn Avenue
                                  5th Floor
                                  Pittsburgh, PA 15222
                                  (412) 322-9243
                                  glynch@carlsonlynch.com
                                  ekilpela@carlsonlynch.com

                                  *Attorneys for Plaintiff*